ANN S. HURT AND OTHERS V. ELIZABETH BLACKBURN, EX'RIX.

This case involves the same questions as those determined in the case of Hurt
et al. v. McReynolds at this Term, (as to executory and executed contracts
for the sale of real property.)

See this case as to the form and substance of pleadings.

Quere, as to the terms necessary in a will, to give an executor authority to sell
real property, without an order of the County Court.

A general denial is not abandoned, defeated, nor qualified, by subsequent special
pleas of confession and avoidance. It is therefore erroneous to sustain excep-
tions to the whole answer, where a general denial has been filed and not (ex-
pressly) withdrawn.

Error from Tarrant. Tried below before the Hon. Nat M.
Burford.

Suit May 5th, 1856, by Elizabeth Blackburn, a resident of
the State of North Carolina, as executrix of Samuel Blackburn,
against Ann S. Hurt, Joseph M. Bounds and David C. Haynes,
on a note under seal for $1100, expressed therein to be in con-
sideration of two certain lots in the town of McKinney, (Collin
county,) sold by said executrix to said Ann. The note was dated
Oct. 16th, 1855, and due Jan'y 20th, 1856; with a credit of
$160, Oct. 23d, 1855, indorsed thereon, and admitted in the
petition. Service on Bounds and Haynes to Spring Term, 1856,
and answer by them at said Term, being exceptions, general de-
nial, and plea of failure of consideration. Service on said Ann
to Fall Term, 1856, and "amended answer" at said Term, by
"the defendants," being a general demurrer, and plea to the
effect that said note was obtained by said Elizabeth from said
Ann, by representations that she was executrix of the estate of
Samuel Blackburn, and as such authorized to sell and convey
the lots for which said note was given; whereas the fact was,
that said lots were, at the time, the property of the heirs of
Samuel Blackburn, and that said Elizabeth was not then nor at
any time since, the executrix of said estate, and had no authority,
as such executrix, or otherwise, to sell and convey the said lots;
that said plaintiff, though often requested, has not delivered a
deed to said Ann for said lots; and that said plaintiff had no

title to said lots, nor authority to convey the same; and so defendants say that said note was made without consideration. Sworn to by one of the defendants.

There had been filed as part of the original answer of Bounds and Haynes, a nuncupative will of Samuel Blackburn, the probate thereof, and an order for letters testamentary to said Elizabeth, which also stated that "said letters were duly issued, and said Elizabeth Blackburn appeared and took the oath required by law, no bond being deemed necessary under the terms of said will." The will directed that the testator's business should be closed without an administration, as he did not want the settlement of the same to get into the Courts; that his brother-in-law, Thomas Hill, should assist Mrs. Blackburn in settling all the business; that Mr. Hill should dispose of such property (cattle, furniture, &c.) as would be inconvenient for Mrs. Blackburn to carry back to North Carolina with her; that Mrs. Blackburn should leave Texas between the time of his death and the first day of the next January; that after she should arrive in North Carolina, she should act as guardian for the children, giving bond, &c. The will was admitted to probate at August Term, 1855. The original answer of Bounds and Haynes stated the objections to the validity of the nuncupative will, specially.

To said answer and amended answer plaintiff filed exceptions, (or, in the language of the pleading, moved to strike them out,) to the effect that they did not present a meritorious defence; that the validity of the nuncupative will could not be thus attacked collaterally; that defendants do not tender a deed back to plaintiff for said lots, but continue to hold the possession of the same, enjoying the rents and profits; that they do not show that said Ann has been evicted, or state the names of the heirs or pretended heirs of said Samuel Blackburn; that the allegation of defendants' answer to the effect that plaintiff had not made said Ann a deed is not true in point of fact, and plaintiff here to the Court shows a certified copy of said deed.

Defendants filed another amended answer, alleging that said Elizabeth had represented herself to be executrix of said Samuel Blackburn, by virtue of a pretended nuncupative will, which is filed in this cause, and prayed to be taken as part of this answer, and is contained in a certified copy of the records of the County Court of Collin county, which is filed in this cause and marked Exhibit B. Exhibit B was the probate and order for letters

testamentary. This answer alleged that plaintiff had not made and tendered to said Ann a good and sufficient deed to the said lots; that said Ann has been ready and willing to pay the said note when a good and sufficient deed of the said town lots should be made to her by plaintiff. Wherefore, inasmuch as the said plaintiff has not conveyed the said lots or either of them to the said Ann S. Hurt by a good and sufficient deed in law, as by her said agreement she was bound to do; and inasmuch as the said plaintiff has in this cause tendered and exhibited a certified copy of a purported deed from the said plaintiff as executrix of the said Samuel Blackburn, deceased, to the said lots, but which deed was never delivered to, or put in the possession of the said Ann S. Hurt, or in any manner received by her, and which deed is not a good and sufficient deed of the lots aforesaid; the said defendants pray that the said contract, so made between the said plaintiff and the said Ann S. Hurt, may be rescinded and held for naught; and that if the said plaintiff has, as such pretended executrix or otherwise, made a conveyance of the said lots to the said Ann S. Hurt, the same may be decreed to be given up to the said plaintiff to be cancelled, or that the said Ann S. Hurt may be decreed to reconvey the same to the said plaintiff. Then followed a denial that the defendants or either of them had ever been in possession of said lots or either of them, or had ever received any rents or profits therefrom, or exercised any acts of ownership or control over them or either of them or any part thereof.

To said amended answer plaintiff filed a general exception, with specifications which would be covered by the general exception; and asked that said second amended answer be stricken out, &c.

Exceptions sustained; the original and amended answers stricken out; and defendants declining to answer further, judgment for plaintiff.

The deed referred to in the pleadings, as a deed from the said Elizabeth to the said Ann, was not in the transcript; but the Reporters find on file, a copy of such deed, certified by the Clerk of the Court below, to the effect that it was issued as part of the transcript, and that the reason why it was not inserted in the transcript was, that it was mislaid when the transcript was made out. It contained a warranty against the lawful claims of the heirs, executors and administrators of Samuel Blackburn; no other; was dated Oct. 16th, 1855; was acknowledged same day

before the Clerk of the County Court of Collin; was filed for record on the 14th day of Nov. 1855; by whom, did not appear; from which record the copy on file was taken.

*Ann S. Hurt and others,* for themselves. The making of the deed or contract forms no part of the consideration. It is the estate to be conveyed that forms the consideration. (11 Ill. R. 328; 2 Scam. R. 444; 4 Id. 127.) If the vendee cannot acquire the title to the estate purchased, there is a failure of consideration which may be set up to defeat a recovery upon the note given for the purchase money. (Same authorities, and 4 Scam. R. 392 & 561.) If Mrs. Blackburn was not the executrix she could not as such convey any interest in the land, and her deed would be a mere nullity. A deed from an executrix *de son tort* conveys no title.

The plea that the plaintiff was not executrix is a good plea in bar. (3 Hill N. Y. R. 444; 16 Wend. R. 597.)

The records of the County Court of Collin county relating to the pretended nuncupative will of S. S. Blackburn, and the appointment of Mrs. Blackburn as executrix, having been made a part of the pleadings, and incorporated into the transcript, became a part of the proceedings in the cause and are open for the inspection of the Court. The copy of the records of the County Court, filed in the cause and made a part of the second amended answer, show that Mr. Blackburn did not intend to make a nuncupative will, and that he did not in fact make such a will; his conversation, as related by the witnesses, does not constitute a will, and there was no foundation for the action afterwards taken by the County Court, in the premises. He did not name an executor, or give any directions about security. The granting of the letters to Mrs. Blackburn without surety, was therefore a nullity, (Hart. Dig. Art. 1130,) and conferred no powers upon her.

Again, the sale was not authorized by an order of the Court, and was never confirmed; both of which were necessary to a valid sale. (Hart. Dig. Art. 1170 & 1176.)

It is objected that the defendants below could not in a collateral proceeding put the validity of the will in question. The answer to this is, that the right of the plaintiff to sell the land and receive the note, depended upon the validity of the will and the regularity of the proceedings under it. The will and proceedings

therefore are brought directly and not collaterally in issue. It is not like the case of an heir or other third person, contesting the title of an innocent purchaser at a sale.

*J. C. Easton*, for defendant in error.   The case of Walton v. Reager, decided at the present Term of the Court, and the authorities there cited, I think fully settle this case.   The same facts, to a great extent, are shown to exist in both cases.   I also suggest that the case was brought to this Court for delay, and ask that the judgment be affirmed with damages.

ROBERTS, J.   This case involves the same questions as those determined in the case of Hurt et al. v. McReynolds at this Term. One of the grounds of exception, to the answer of defendants below, is, that the allegation that Mrs. Blackburn had not made and delivered a sufficient deed to Mrs. Hurt, is untrue in fact, and to show its falsity plaintiff below brings into Court and files a certified copy of an instrument purporting to be a deed from Mrs. Blackburn to Mrs. Hurt.   This, of course, was not a matter that the Court should have considered on demurrer.   The answer must be determined on its own allegations. The demurrer, for the purpose of testing its sufficiency, admits them to be true.

Whether Mrs. Blackburn could make a good title to the lots, under the nuncupative will, will not now be determined, as the question has not been fully argued.   If it were determined that under this proceeding in the County Court, and under this nuncupative will, Mrs. Blackburn could make a good title, the answer showing that fact, would be sufficient to bar the action.

If, however, it were determined that Mrs. Blackburn, under such will, could not make a good title, the answer would be sufficient; because it states that she has not delivered a deed.   For as the contract is still executory, according to this allegation of the answer, it is not necessary for the vendee to allege that, at the time of the purchase, she was not aware of this defect of title, and did not agree to take, at her own risk, such title as Mrs. Blackburn could make.   This she would have had to set forth, if the answer had admitted that the contract of purchase was executed by the delivery of a deed.   (Cooper v. Singleton, decided at Tyler, 1857, 19 Tex. R. 260 ; Hurt v. McReynolds, *supra*.)

The point upon which the case must be reversed is, that the

Court struck out the general denial and rendered a judgment *nihil dicit.* This has been decided several times during the present Term of this Court, as well as before. Judgment reversed and cause remanded.

Reversed and remanded.