THOMAS ROCK AND OTHERS V. HEALD, MASSIE & CO.

The purchasers of a tract of land at an administrator's sale executed to the administrator a note for the purchase money, and a mortgage on the land to secure the same, and being sued by the assignees of the note, pleaded that the County Court had confirmed the sale and decreed a deed to be made to the purchasers; that the administrator had not made the deed as decreed; but they did not aver that there was any defect in the title to the land. *Held*, that the plea did not present any valid defence to the suit, or any cause for staying the proceedings for the purpose of making the administrator a party.

The confirmation of the sale by the County Court vested the title of the land substantially in the purchasers, subject to the payment of the purchase money secured by the note and mortgage.

The execution of a deed by an administrator in pursuance of a decree of the court is, at most, but the formal evidence of the title vested in the purchaser by the decree.

APPEAL from Tyler. Tried below before the Hon. James M. Maxcy.

Suit by appellees against appellants on a note and to foreclose a mortgage given to secure the payment of the same.

On the 7th day of August, A. D. 1856, Thomas Rock, N. B. Charlton, Lewis T. Foster and S. T. Belt, executed a note for five hundred and fifty-three dollars and fifty cents, payable twelve months after date to R. K. Ratcliff, administrator of the estate of Ephraim Thompson, or bearer, upon which was the following indorsement, to wit: "I indorse this note after due course of law. H. W. Bendy." The makers and Bendy were made defendants. On the —— day of ——, 1856, the makers of the note executed a mortgage on a tract of land to secure the payment of the same. This note coming into the possession of appellees, they sued the makers and indorser, Bendy, on the same and to foreclose the mortgage.

The defendants excepted, pleaded general denial and answered specially that the note sued on was given for the purchase money of the tract of land mentioned in the petition of plaintiffs; that the land was purchased at a public sale made by R. K. Ratcliff,

administrator of the estate of Ephraim Thompson, deceased, and bought by defendants, Charlton, Foster and Rock, and the note given for the purchase money of the same; that the report of the sale was approved by the chief justice of Tyler county, sitting as a probate court, and a title ordered to be made and delivered to these defendants; that the said administrator has not yet given them any deed for said land. They further averred that the note sued on was indorsed by Bendy to the plaintiffs long after the same became due; that the indorser and plaintiffs, at the time of indorsement, had full knowledge of the consideration of the note and of the fact that the administrator had not made to defendants any deed for said land. The defendants prayed that the proceedings in this case be stayed until the administrator make to them a good and sufficient title to said land; that the administrator Ratcliff be made a party; that he be cited to answer and show cause, if any he can, why he should not make title to said land to these defendants.

The cause having been submitted to the court, the exception of defendants to plaintiffs' petition was overruled, the application to make the administrator a party refused, and judgment rendered for plaintiffs and a decree for the foreclosure of the mortgage entered. Motion for new trial was overruled and the defendants appealed.

*E. B. Pickett* and *Charles Rock*, for appellants.

*Sam. A. Willson*, for appellees, suggested delay.

MOORE, J.—The answer of the defendants in the District Court, who are the appellants in this court, manifestly presented no valid defence to the payment of the note sued upon, or for staying the proceedings in this case for the purpose of making other parties. It is not pretended or averred that there is any defect in the title to the land, in consideration of which the note here in suit was given. The only matter of complaint is, that a formal deed had not been executed to the purchasers by the administrator. The distinctions between executed and executory contracts for the sale of land, are well defined and clearly established

by the former decisions of this court. (Cooper v. Singleton, 19 Tex., 260; Hurt v. McReynolds, 20 Tex., 595; Hurt v. Blackburn, 20 Tex., 601.) But the facts in the present case do not call for their application. The confirmation of the sale by the County Court vested the title of the land substantially in the purchasers, subject to the payment of the purchase money secured by the note and mortgage, upon which this suit is founded. The execution of a deed by the administrator is at most but the formal evidence of the title vested in the purchasers by the decree of the court. Their failure to demand it from the administrator before giving him their note and mortgage upon the same land, (if we could reasonably conclude that such was the case,) presents no valid defence against the plaintiffs' action. It is not pretended that they were informed of the fact that the purchasers had not received a deed from the administrator for the land for which the note was given before its execution. Although the plaintiffs acquired the note after it became due, as the law regulating administration sales directs a title to be made to the purchaser, and a mortgage by him on the premises to secure the payment of the purchase money, they were justified in the belief that a deed or satisfactory evidence of their title had been given to the purchasers, or to conclude from the fact of their not requiring it, as the law entitled them before giving their note, that they did not rely upon the failure to receive it, as a ground for the postponement of payment of the note.

The judgment is affirmed with damages.

Judgment affirmed.