## L. J. W. EDWARDS ET AL. v. T. D. GILL ET AL.

### No. 54.

**1. Sufficiency of Description in Probate Proceedings.**—An application by an administrator to sell a land certificate of his intestate, which describes the certificate as " the certificate for one league and labor issued to his intestate;" the order of sale as, " a land certificate for one league and labor of land which was granted to his intestate as a headright claim;" the report of sale as " a certificate for one league and labor, the headright of said intestate;" the confirmation, " a certificate for one league of land which was granted by the government of ——— to said M. C. Patton as a colonist." *Held*, sufficient to identify the certificate when construed together and in connection with the patent made by virtue of the certificate.

**2. Presumption.**—The patent to land issued on April 24, 1855. The certificate by virtue of which it was issued was sold under order of court on the first Tuesday in March, 1855, but was not confirmed until May 6, 1855. It will be presumed in absence of evidence that the certificate was unlocated at the date of order of sale, therefore personal property.

**3. Administrator's Sale — Order of Court Confirming, Passes Title from.**—A confirmation by the court of a sale made by an administrator under its order, relates back to and conveys title from date of sale, as if sale and confirmation were contemporaneous.

**4. Stale Demand in Trespass to Try Title.**—When the owners of an equitable title seek recovery against trespassers without color of title, and who show no connection with the legal title, nor the time they had been in possession, if at all, the defense of stale demand is unavailable to defeat the right of recovery.

APPEAL from Frio. Tried below before Hon. D. P. MARR.

*W. T. Merriwether*, for appellants.—1. The probate proceedings introduced in evidence do not describe the land set out in the plaintiffs' petition, and are insufficient to convey title thereto. Davis v. Touchstone, 45 Texas, 469; Hurley v. Barnard, 48 Texas, 86; Graham v. Hawkins, 38 Texas, 632.

2. At the date of the order of sale, the attempted sale, and the order confirming it, the land certificate was not in the possession of the administrator, if he ever had possession of it, but was in the General Land

Office with the patent, and had ceased to be a chattel and merged into the land.    East v. Dugan, 15 S. W. Rep., 273.

3. The vendors of plaintiffs had only an equitable title by virtue of the purchase of the certificate; and the patent having issued April 4, 1855, plaintiffs' demand is stale, and they can not recover against defendants in possession.    Rev. Stats., art. 4793; Frost v. Wolf, 14 S. W. Rep., 440.

*Mason Maney*, for appellees.—On the question of the validity of the probate proceedings: Martin v. Robinson, 67 Texas, 369; Mills v. Herndon, 13 S. W. Rep., 854.

On the sufficiency of description: Wells v. Polk, 36 Texas, 121; Wells v. Mills, 22 Texas, 302; Hurley v. Barnard, 48 Texas, 38; McBee v. Johnson, 45 Texas, 634.

As to the validity of the sale of the land certificate:    Peevy v. Hurt, 32 Texas, 146.

NEILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought on the 11th day of May, 1889, by appellees, against L. J. W. Edwards and J. E. Berry, to recover one-third of a league and labor of land in Frio County, out of survey number 1178, patented to Mathew C. Patton on April 24, 1855.

The defendant Edwards answered by a plea of "not guilty;" and alleged, that on the 20th day of August, 1886, he purchased a portion of the land from John C. French for $638.75, the title to which French warranted by his deed of that date.    He alleged the death of his grantor, that Sallie R. French was his independent executrix, prayed that she be made a party defendant, and that in the event plaintiff recovered he have judgment against her on the warranty of her testator.    She was made a party, and answered by a general denial.

The defendant J. E. Berry answered by disclaiming any interest in the premises, but as a tenant of the estate of A. Hansford, deceased.    Whereupon M. A. Hansford, administrator of the estate of A. Hansford, appeared and answered by a plea of not guilty.

The case was tried without a jury, and judgment rendered in favor of appellees for the land in controversy, and in favor of Edwards against Sallie R. French, as independent executrix of John C. French, deceased, for $638.75, with interest thereon at the rate of 8 per cent per annum from the 25th day of August, 1886; from which judgment this appeal is prosecuted.    The only evidence appearing in the record was introduced by appellees, from which we deduce the following:

*Conclusions of Fact.*—1. Patent issued by the State of Texas to Mathew C. Patton, his heirs or assigns, on the 24th day of April, 1855, granting the league and labor of land which includes the property in controversy.

The patent recites that it was issued by virtue of certificate number 39, issued by the Board of Land Commissioners of Brazoria County, January 25, 1838.

2. Letters of administration were granted by the County Court of Brazoria County, on the 23d day of February, 1852, to John P. Gill, on the estate of Mathew C. Patton, deceased.

3. Application of John P. Gill, as administrator of the estate of Mathew C. Patton, deceased, to the County Court of Brazoria County, for an order to sell "the certificate for one league and labor, issued to his intestate," in which the administrator prays that the sale be made on the first Tuesday in February, 1855, on a credit of six months; which application was filed on the 20th of December, 1854.

4. Order of the County Court of Brazoria County made upon the application above referred to, authorizing the said administrator to sell "a land certificate for one league and labor of land, which was granted to his intestate as a headright claim," at public auction to the highest bidder, in front of the court house door in the town of Brazoria, on a credit of six months; which order was made on the 2nd of February, 1855.

5. Report of sale made by said administrator to said court, in which he represented, that in obedience to the order above referred to, he, on the first Tuesday in March, 1855, offered for sale at the court house door in the town of Brazoria, " a certificate for one league and labor of land, the headright of his intestate," upon a credit of six months, etc., at which sale M. T. C. Patton became the purchaser of said certificate, etc.; which report was filed on the 1st of May, 1855.

6. On May 1, 1855, the following order was made by the County Court of Brazoria County, viz.: " May 1, 1855.   This day John P. Gill, administrator of M. C. Patton, deceased, presented in court an account, verified by affidavit, of the sale of a certificate for *one league of land, granted by the government of* ———— to said M. C. Patton as a colonist; and the court having examined into the means by which said sale was made, and being satisfied that the same was fairly made and in every respect in conformity with law, ordered, adjudged, and decreed that said sale be and the same is hereby confirmed and approved, and that said administrator transfer said certificate to M. T. Patton, the purchaser."

7. Deed from John P. Gill, as administrator of the estate of M. C. Patton, to M. T. C. Patton, conveying a certificate for one league and labor of land, the headright of his (Gill's) intestate; which deed recites the order of sale, report of sale, and confirmation above referred to, and bears date July 29, 1856.

8. A deed from M. T. C. Patton to John P. Gill, executed on the 1st of February, 1858, conveying all of his right, title, and interest in and to a certain league and labor of land, situated in the District of Bexar, which land is described as located by virtue of a certain certificate for

said quantity of land, issued as the headright of Mathew C. Patton, and that the certificate was conveyed to the grantor by the administrator of said Patton.

9. The will of John P. Gill, by which he bequeathed his estate to the children of his brother, Robert J. Gill, and the children of Verona C. West, to be equally divided between them. Robert J. Gill and Peter J. West were named in the will as the executors; which will was admitted to probate by the County Court of Fort Bend County on the 31st of May, 1869.

10. All the appellees are children of Robert J. Gill and Verona C. West, except Iona McDuffie, who is a granddaughter of Robert J. Gill.

11. The evidence did not show any connection of the appellants with the patent to the land, nor the time they had been in possession, if at all, of the land.

*Conclusions of Law.*—It sufficiently appears that the application for the order of sale, the order of sale, the report of sale, and order confirming it, relate to the headright certificate of Mathew C. Patton for a league and labor of land; and when all are taken and construed together, they are amply sufficient to identify the certificate; and the recitation in the patent shows that said certificate was located on the land in controversy. Hurly v. Barnard, 48 Texas, 88; Davis v. Touchstone, 45 Texas, 490; Robertson v. Johnson, 57 Texas, 64.

The patent to the land having issued on April 24, 1855, and the sale of the certificate, though made, as shown by the administrator's report, on the first Tuesday in March, not having been confirmed by the court until the 6th of May, it becomes important to determine at what time the title passed, if at all, by virtue of the sale of the certificate. After a certificate is located it ceases to be personalty, but is merged in and becomes a part of the realty. Hearne v. Gillett, 62 Texas, 25; Simpson v. Chapman, 45 Texas, 566; Adams v. Railway, 70 Texas, 275. We can not presume, in the absence of evidence, that when the Probate Court ordered the sale the certificate had been located, but must presume that it had not, for the court would not have ordered the sale of personalty after it ceased to exist as such. The rule seems to be, that a sale made by an administrator or other functionary by order of and under authority of a court, is not complete and confers no rights until confirmed. But when confirmation is made by the court, though subsequent to the day of the sale, it relates back to the *date of the sale*, if the date of sale is made to appear, and carries title from that date. Rorer on Jud. Sales, 2 ed., sec. 109; Taylor v. Cooper, 34 Am. Dec., 737; Evans v. Spurgin, 52 Am. Dec., 107; Calis v. Shaw, 10 S. E. Rep., 639.

The case of Taylor v. Cooper, supra, was brought by Cooper against John Taylor, administrator of the estate of Peter Dyerle, for rents on

certain lands belonging to Dyerle which were ordered sold by the administrator on a credit of six, twelve, and eighteen months. On January 10, 1835, the land was sold under the decree to Cooper, who gave his bond for the purchase money. At the time of the sale the land was rented, and the tenant paid the rent, amounting to $200, to the administrator, notwithstanding Cooper had notified him not to pay it. The sale was afterwards confirmed. Judgment was given in Cooper's favor against the administrator. Judge Tucker, in rendering the opinion of the court, said: "I have not the slightest doubt of the right of Cooper to the rent in question. * * * Where the sale is confirmed—that is, where both contracting parties (the purchaser and the court) concur in ratifying the inchoate purchase—the confirmation relates back to the sale, and the purchaser is entitled to everything he would have been entitled to if the confirmation and conveyance of title had been contemporaneous with the sale." In the case before us the court ordered the certificate to be sold at a certain time, place, and manner, and on terms specified in the order. The report of the sale by the administrator shows on its face a strict compliance with the order, and the confirmation by the court relates to and sanctions what was done in obedience to and under its authority, and its effect was as though its confirmation and the act confirmed were contemporaneous. Thereupon the title to the certificate vested in M. T. C. Patton on the first Tuesday in March, 1855, and the right to locate and acquire land by virtue of it. Cox v. Bray, 28 Texas, 261. When the patent issued by virtue of the certificate, it enured to the benefit of and vested title in the assignee. But appellants say that the title is an equitable one only (it is), and that appellees' demand is stale, and therefore they can not recover on it. When a recovery is sought against strangers to the title, who are trespassers without color of title, and who show no connection with the legal title, as in this case, and the time they had been in possession, if at all, does not appear, the defense of stale demand is unavailing to defeat the right of recovery. Wright v. Dunn, 73 Texas, 295; Moss v. Berry, 53 Texas, 632; Murphy v. Welder, 58 Texas, 236.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Delivered November 1, 1893.