**IRWIN et al. v. TOLLETT et al.**

No. 3057.

Court of Civil Appeals of Texas.

Eastland.

Jan. 22, 1954.

F. M. Harrell, Breckenridge, for appellants.

C. Dale Condron, Haskell, for appellees.

GRISSOM, Chief Justice.

J. C. Irwin, Jr. and wife, and others, sued Mattie Tollett, an insane person, John R. Stockton, individually and as guardian of her estate; and Lodella Miller Hanke, individually and as guardian of said estate, in trespass to try title to a ⅙th interest in 162 acres of land in Throckmorton County, subject to an outstanding royalty. In the alternative, plaintiffs alleged that, in 1940, Stockton was duly appointed guardian of said estate and, acting under the orders of the probate court, sold said ⅙th interest to Irwin for $180 cash, reserving in said guardian's deed a nonparticipating royalty "equal to ⅟₁₈ of ⅛th royalty;" that the Irwins paid Stockton, as guardian, said amount, which was the market value of the land, in good faith, without notice of Mrs. Hanke's claim that Stockton's appointment was defective or that the consideration was inadequate and that the Irwins were bona fide purchasers for value, without notice. In the second alternative, plaintiffs sued for partition.

Mrs. Hanke, who was guardian of said estate prior to the appointment of Stockton, filed an answer, as guardian, to the effect that Stockton's sale to the Irwins was void because Stockton was not the guardian of said estate, of which the Irwins had notice; that his appointment was defective; that the consideration was inadequate; that the guardianship records affirmatively disclosed that Stockton was not legally appointed or qualified and that the Irwins had notice thereof. In a trial to the court, judgment was rendered that plaintiffs take nothing as to their suit in trespass to try title but that the land be partitioned. The Irwins have appealed.

It is undisputed that prior to September 23, 1940, Mrs. Hanke was the legally qualified guardian of said estate; that she had applied to the probate court for authority to sell said ⅙th interest; that the sale was

ordered; that, in accordance with the order of sale, she sold the same to Irwin and wife for $180 and reported the sale to the court; that, on April 8, 1940, the probate court rendered and entered a judgment in proper form confirming said sale and directing her to make a deed to the Irwins. The record conclusively shows that Stockton, in September, 1940, filed a petition in the probate court alleging the appointment and qualification of Mrs. Hanke as guardian, setting forth her application to sell, the order confirming the sale and directing Mrs. Hanke, as guardian, to execute a deed to the Irwins; that Mrs. Hanke had arbitrarily refused to execute the deed as directed by the court and praying that Mrs. Hanke be removed as guardian and that he be appointed and directed to execute the deed to the Irwins. It is conclusively shown that on September 23, 1940, said probate court entered an order reciting the matters heretofore stated with reference to said sale and that Mrs. Hanke, as guardian, because of disagreement with her relatives, had refused to execute the deed to the Irwins; that Mrs. Hanke was removed as guardian and Stockton appointed and directed to execute the deed to the Irwins; that Stockton, as guardian, did execute said deed in September, 1940, in accordance with the order of said court and that the Irwins paid said consideration and went into possession in 1940.

Appellants' fourth point is that the order confirming the sale reported by Mrs. Hanke, as guardian, vested title in Irwin and wife.

In Rock v. Heald, 27 Tex. 523, 525, our Supreme Court said:

"The confirmation of the sale by the County Court vested the title of the land substantially in the purchasers, subject to the payment of the purchase money secured by the note and mortgage, upon which this suit is founded. The execution of a deed by the administrator is at most but the formal evidence of the title vested in the purchasers by the decree of the court."

In Finley v. Wakefield, Tex.Civ.App., 184 S.W. 755, 758, Writ Ref., the court said:

"When the sale made by the guardian, Mrs. Brown, to the appellants was confirmed by the decree of the county court of Grayson county, the title of the land vested substantially in appellants, subject, of course, to the payment of the purchase money, and the execution of the deed, on August 25, 1903, by Mrs. Brown as guardian, was at most but the formal evidence of the title vested by such decree of the court. Rock v. Heald, 27 Tex. 523. * * * The confirmation by the county court of the sale made by the guardian to appellants under its order related back to and conveyed title from the date of such sale. Edwards v. Gill, 5 Tex.Civ.App. 203, 23 S.W. 742."

In Stroud v. Hawkins, 28 Tex.Civ.App. 321, 67 S.W. 534, 536, Writ Ref., the court said:

"This is not an action to set aside the order of the probate court confirming the sale made by the guardian to Hawkins, and the order of confirmation cannot be questioned in this suit, but is entitled to absolute verity. Whatever questions were settled by the order of confirmation cannot be reopened now. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325. When the report of sale was made, the court had authority to determine whether the guardian was empowered to sell, and whether there was a present necessity for the sale. These questions were concluded by the order approving the report of sale. * * * The order of the probate court confirming the sale is the act which vests title, and the purchaser is protected thereby while the order stands unreversed, if the probate court had jurisdiction to enter it."

In Edwards v. Gill, 5 Tex.Civ.App. 203, 23 S.W. 742, 743, the court said:

"The rule seems to be that a sale made by an administrator or other functionary by order of and under authority of a court is not complete, and

confers no rights until confirmed. But when confirmation is made by the court, though subsequent to the day of sale, it relates back to the date of the sale, if the date of sale is made to appear, and carries title from that date."

In Butler v. Stephens, 77 Tex. 599, 14 S.W. 202, 203, the court said:

"The case of Brown v. Christie, 27 Tex. [73], 77, to which appellant refers, announces, we believe, the correct rule. Discussing the question of the validity of such sales not made at a time required by law, it is said: 'The title of an estate of a minor is not divested until there is judicial action by the probate court. The sale, if not made at the time required by law, was illegal, and should have been set aside by the probate court. If it be improperly confirmed, its judgment might have been corrected by a direct proceeding for that purpose by any one having an interest in the matter. But it was not open to the collateral inquiry to which it was subjected in this case,' etc. Such we believe to be the rule in the present case. Conceding all that can be fairly claimed under the facts in support of appellant's position, nothing more is established than irregularities occurring in the exercise of an authority and jurisdiction with which the probate court of Hill county was clothed, and these were, if they existed, cured by the final act of confirmation in March, 1883. The confirmation of a sale made by the guardian under the orders of the probate court is conclusive, where the record does not show affirmatively that the jurisdiction did not attach." See also Erhart v. Bass, 54 Tex. 97, 99; Wilkin v. Simmons, Tex.Civ.App., 151 S.W. 1145, 1149, Writ Ref.; Taffinder v. Merrell, 95 Tex. 95, 65 S.W. 177; 14 Tex.Jur. 246; 21 Tex.Jur. 316; 39 C.J.S., Guardian and Ward, § 133, page 216; McBee v. Johnson, 45 Tex. 634, 643; Sypert v. McCowen's Ex'rs, 28 Tex. 635, 638; Reid v. Allen, 18 Tex. 241, 249.

We have concluded that it is unnecessary to decide whether the order of confirmation, regardless of the validity of Stockton's deed, is sufficient evidence of title to sustain appellants' suit in trespass to try title because the record conclusively shows appellants were bona fide purchasers. The record and the trial court's findings require a holding that appellants were bona fide purchasers, unless the court's finding number 8, that (a) when appellants purchased from Stockton as guardian they had actual notice that Mrs. Hanke was then claiming to be guardian and that (b) she was asserting that $180 was an inadequate price, finds support in the evidence and, further, that such facts prevented appellants from being bona fide purchasers. See Heath v. Layne, 62 Tex. 686, 691. Appellants contend there is no evidence to support said findings. In 1950, ten years after appellants had received a deed from Stockton and paid the purchase price, said probate court entered an order which recited that Mrs. Hanke was never personally served with citation in Stockton's suit to remove her and have himself appointed guardian. Said order also recited that Mrs. Hanke was still guardian and that said court's former order removing her and appointing Stockton was void and that Stockton's acts as guardian were void. See National Bedding Co. v. McGee, Tex.Sup., 263 S.W.2d 948. The record shows that said order was appealed and has not been disposed of. The facts that the order removing Mrs. Hanke and appointing Stockton did not recite that citation was served on Mrs. Hanke did not render the judgment void nor did it give the purchasers notice of lack of service. Carroll v. McLeod, 133 Tex. 571, 130 S.W. 2d 277, 281; Bouldin v. Miller, 87 Tex. 359, 28 S.W. 940; Daimwood v. Driscoll, Tex.Civ.App., 151 S.W. 621, 622, W.R. If Mrs. Hanke was not served with notice, nevertheless, the order removing her was not void. She instituted the guardianship proceedings and was appointed guardian. She thereby submitted herself to the jurisdiction of the probate court for all matters pertaining to the guardianship. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325;

Burton v. McGuire, Tex.Civ.App., 3 S.W. 2d 576, 583, affirmed, Tex.Com.App., 41 S.W.2d 238; Weems v. Masterson, 80 Tex. 45, 15 S.W. 590, 592; Hirshfeld v. Brown, Tex.Civ.App., 30 S.W. 962, Writ Ref.; American Surety Company of New York v. Fitzgerald, Tex.Civ.App., 36 S.W.2d 1104, 1107, Writ Ref.; Wilkin v. Simmons, Tex.Civ.App., 151 S.W. 1145, 1150, Writ Ref.; Carroll v. McLeod, 133 Tex. 571, 130 S.W.2d 277, 282; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932; Schwind v. Goodman, Tex.Com.App., 221 S.W. 579, 580.

■ Appellees have filed no briefs, but we have carefully studied the record and have concluded that appellants' contention there was no evidence that appellants knew when they received the deed from Stockton and paid him the purchase price that Mrs. Hanke was then claiming to be guardian and was asserting that the price was inadequate must be sustained. The only evidence we have been able to find that might possibly be relevant to said matters is that (after entry of the order confirming the sale) Mr. Irwin took the deed to Mrs. Hanke and she refused to sign because there was some error made in writing the deed and that she did not thereafter execute the deed, plus Mrs. Hanke's testimony that she "thought" the consideration was inadequate.' She did not testify that she told appellants the price was inadequate. When appellants received Stockton's deed and paid the price approved by the order confirming the sale, there was of record an order removing Mrs. Hanke as guardian, appointing Stockton and directing him to execute the deed to the Irwins. Said orders were regular on their face and, in the absence of notice, the purchasers were not required to look back of them and inquire as to personal service on Mrs. Hanke. Le Fors v. Le Fors, Tex.Civ.App., 41 S.W.2d 517, 522, Writ Dis.; Burton v. McGuire, Tex.Civ. App., 3 S.W.2d 576, 585, affirmed, Tex. Com.App. 41 S.W.2d 238; Schwind v. Goodman, Tex.Com.App., 221 S.W. 579, 580; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932, 935. There was also of record Mrs. Hanke's application for the sale, her report of the sale and the judgment confirming the sale, all of which orders were regular on their face. Under this situation, appellants were not required to look beyond the orders of the court. They had the right to proceed upon the assumption that said orders were rendered upon notice and facts that authorized their rendition and that Mrs. Hanke had been legally removed and Stockton had been legally appointed. Heath v. Layne, 62 Tex. 686; Daimwood v. Driscoll, Tex.Civ.App., 151 S.W. 621, 622, W.R.; McGrady v. Clary, Tex.Civ.App., 247 S.W. 1099, 1102, W.D.; Stroud v. Hawkins, 28 Tex.Civ. App. 321, 67 S.W. 534, 537, Writ Ref.; Cheney v. Norton, Tex.Civ.App., 168 S.W. 2d 697; Carroll v. McLeod, 133 Tex. 571, 130 S.W.2d 277; Bouldin v. Miller, 87 Tex. 359, 28 S.W. 940; Guilford v. Love, 49 Tex. 715.

■ It is, perhaps, not material but, under the circumstances, we think adequacy of consideration was a fact determined by the probate court when it confirmed the sale. Under the circumstances of this case evidence of inadequacy of consideration was not admissible in this collateral attack on the judgment of confirmation. 39 C.J.S., Guardian and Ward, § 138, page 229; 21 Tex.Jur. 328. We think the correct rule was announced by the Supreme Court of Oklahoma in Riley v. Jones, 153 Okl. 64, 4 P.2d 1070, 1072, as follows:

"The question of the adequacy or inadequacy of the purchase price was an issue involved in the course of the proceedings for the sale, and the judgment of confirmation precludes inquiry on this matter in a collateral proceeding, in the absence of fraud in the party obtaining it."

However, if such evidence was admissible, we have not found anything in the record to sustain a finding that, at the time of the sale, the amount paid was less than the market value.

The judgment is reversed and judgment rendered awarding title to appellants, subject to the reservation in Stockton's deed.