COMET ALUMINUM COMPANY, Inc.,
Relator,

v.

Honorable Joe B. DIBRELL et al.,
Respondents.

No. 254.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 30, 1969.

Rehearing Denied March 18, 1970.

See, also, Tex., 450 S.W.2d 56.

William Dickson, Carr, Osorio, Palmer, Dickson, Long & Coleman, Houston, for relator.

John H. Holloway, Houston, for respondents.

SAM D. JOHNSON, Justice.

This proceeding is upon an original petition for writ of mandamus filed in this Court.

This Court's opinion of this date in the case styled Sam Levine, individually and d/b/a Tele-Sales v. Comet Aluminum Company, Inc. portrays the initial controversy between the parties in interest there. The instant case, however, is a separate cause of action. It is upon its own individual merits that it must stand or fall.

The original petition for mandamus is filed in this Court by the relator, Comet Aluminum, Inc. Respondents are Sam Levine, individually and d/b/a Tele-Sales, along with the Honorable Joe B. Dibrell, judge presiding in the trial court. Relator recites, in addition to those facts set forth in Levine, et al. v. Comet Aluminum, the following.

On March 3, 1969, the trial court, on its own motion and without notice to the parties entered judgment nunc pro tunc to correct what it termed a "clerical error." The nunc pro tunc judgment was in the same basic sum of $4,354.98, but eliminated the provision for the disputed item of interest. Simultaneously with entry of this nunc pro tunc judgment the trial court made two additional orders. The first was a written order to enter the judgment nunc pro tunc, and the second was an order of notice of entry of judgment nunc pro tunc.

Three days after the nunc pro tunc judgment, on March 6, 1969, a motion for new trial was made by Sam Levine, et al., defendants in the original case. Hearing of said motion occurred on March 17, 1969, and on March 28, 1969, the court signed and entered its order granting the motion for new trial. Such order contained notice of appeal by relator.

Relator here prays that a writ of mandamus issue directing the judge of the trial court to vacate and set aside his "void" judgment nunc pro tunc, and that he be enjoined from signing or entering other orders or judgments at variance with the court's original written judgment of August 23, 1968.

The power of this Court does not extend to that prayed for by the relator. "The Court of Civil Appeals has no power to mandamus the district court except as provided for by Articles 1823 and 1824, Vernon's Ann.Texas St.; Art. V, § 6, Texas Constitution, Vernon's Ann.St. Under these statutes the Court of Civil Appeals may mandamus only in protection of its appellate jurisdiction and to order a trial judge to proceed to trial and judgment." Crofts v. Court of Civil Appeals, Tex., 362 S.W.2d 101. Relator here makes no request that pertains to the protection of the appellate jurisdiction of this Court or any order that the trial judge proceed to trial and judgment.

Additionally, it must be noted that a Court of Civil Appeals is without power to issue a writ of mandamus to compel a district judge to do any act which is discretionary on his part. Walker v. Lindsey, (Tex.Civ.App.), 298 S.W.2d 195; Prince v. Peurifoy, Tex.Civ.App., 396 S.W.2d 913. The acts here sought to be compelled cannot be construed as ministerial. See City of Perryton v. Boyer, Tex.Civ.App., 423 S.W.2d 170, mandamus overruled.

We note that while the power of this Court is delimited such statutes are not applicable to our Supreme Court. Ridley v. McCallum, (Comm.App.1942), 163 S.W.2d

**34**

833; National Bedding Co. v. McGee, (Sup.Ct.1954), 263 S.W.2d 948; Art. 1733, Vernon's Ann.Civ.St.

The application for writ of mandamus is denied.