FANNIE E. PELHAM ET AL. v. MELISSA MURRAY ET AL.

(Case No. 1875.)

1. JURISDICTION — ADMINISTRATION — PROBATE MATTERS.— The constitution of the state in force in 1872, which conferred on district courts original and exclusive jurisdiction for the probate of wills, among other enumerated powers, expressly gave that to transact all business appertaining to the estates of

deceased persons, and to settle, partition and distribute the same. In the exercise of such powers the district courts were courts of general jurisdiction.

2. STATUTES CONSTRUED — ESTATES OF DECEDENTS.— Though the statute in force in 1872 provided that property reserved from forced sale by the constitution and laws of the state, or its value if there be none such, should form no part of the estate of a deceased person when a constituent of the family survived (Pasch. Dig., 5487), yet this was so only in the sense that such property constituted no part of the estate subject to the payment of debts. In some other respects it stood in the same relation to the estate as did other property.

3. JURISDICTION.— If the district court sitting in probate under the constitution of 1869, and the statutes in force, in determining what property of an estate was exempt from the payment of debts of the deceased, and to whom it was exempt, decreed, after jurisdiction over the estate had properly attached, that land not in fact the exclusive property of the deceased was exempt from the payment of debts, and vested title thereto formally by decree in the surviving widow, that judgment was not void, but, while unreversed, vested title as to the heirs, and is not subject to collateral attack.

4. SAME — JURISDICTION.— In such case the court had power, derived from the constitution, to settle the estate, which involved the power to adjust by decree the rights of persons claiming as creditors or heirs, and to enforce such decree; and this power extended to the entire estate, whether exempt from forced sale or not.

5. JURISDICTION — PROBATE MATTERS.— From the same source the district courts in 1872 derived power to distribute the estate of a deceased person, which involved the power to determine, not only what should be distributed, but also to whom, and if their judgments regarding these things were erroneous, they were not therefore void.

6. SAME — EXEMPT PROPERTY.— If, in the exercise of its general jurisdiction over an estate, the district court decreed, in lieu of exempt property not belonging to the estate, that title to land should be vested in the surviving widow, though its decree may have been erroneous, it was conclusive as against those interested in the estate, until reversed on appeal or error, or set aside by some proceeding having that object in view.

APPEAL from Henderson. Tried below before the Hon. F. A. Williams.

*Faulk & Faulk*, for appellants, that the judgment of the district court was conclusive until reversed or set aside by direct proceeding, cited: Murchison v. White, 54 Tex., 78; Guilford v. Love, 49 Tex., 715; Withers v. Patterson, 27 Tex., 491; Alexander v. Maverick, 18 Tex., 179; Scott v. Cunningham, 60 Tex., 566; Abney v. Pope, 52 Tex., 293; Mayman v. Reviere, 47 Tex., 357; Terry v. Terry, 39 Tex., 311.

*Richardson & Jones*, for appellees, on the absence of power in the court to make the order vesting title, cited: Pas. Dig., 2d vol., art. 5487; 60 Tex., 556; 52 Tex., 293; 47 Tex., 357; 39 Tex., 311.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the appellees, who are the heirs of E. C. Price through his first marriage, to recover from persons claiming through the second wife and her children by Price three hundred and twenty acres of land claimed to have been acquired by Price between the time of the death of his first wife and the time of his second marriage, and therefore the separate property of Price.

There is no pretense that the appellees have any interest in the land through inheritance from the first wife of Price.

Price died in 1862, intestate, and administration was had upon his estate.   He left a wife and minor children surviving him, and owned two tracts of land, on one of which he resided at the time of his death, but on the land in controversy he did not then reside.

The inventory of the estate shows that the estate owned such personal property as was by law exempted to the family, and the record shows that personal property was set aside to the family, in lieu of the year's allowance.

Personal property of the estate was sold, debts collected and claims probated against the estate and paid from the funds so arising, and it appears that on November 1, 1871, there remained no other property of the estate than the two tracts of land and an uncollected note on one Rushing.

The tract of land on which the family resided consisted of one hundred and thirty-seven and a half acres, and the title to this was perfected pending the administration.   From the record before us the estate was clearly solvent.

On July 14, 1871, the surviving widow filed an application in the district court then having jurisdiction over the estate, alleging that the estate had no title to the one hundred and thirty-seven and a half acres of land on which the family resided, and that the entire estate was exempt from the payment of debts, and she asked that it be so declared and set aside.

This application was resisted by the administrator, but on March 13, 1872, on hearing the application, the court adjudged that the estate had at all times been insolvent; that the exempted property was not on hand at the death of Price; that the widow was the sole surviving constituent of the family, and that she was entitled to have all the property, then unsold, set apart to her; and thereupon, after enumerating the property, the enumeration embracing the land in controversy, the decree proceeds as follows:   "And it appearing to the court that said promissory note and said land are the only effects of said deceased, and that said Sophia Price is

the widow and only remaining constituent of the family of said deceased, and that she is willing to accept said note and land in lieu of balance due her 'on exemptions: It is therefore considered by the court that said Sophia Price be and she is hereby invested fully in the title to said lands and said promissory note, and said administrator is hereby ordered to surrender to her the same, taking her receipt or that of her attorney for the same, also the muniments of title in his possession to said land; and when said administrator shall file said receipt in this court, it is ordered that he be discharged from his trust as administrator forever, and the clerk of this court is ordered to deliver to said Sophia Price a certified copy of this order as a muniment of title."

This decree was offered in evidence, by the defendants, in support of their title derived from Mrs. Sophia Price, and will be conclusive of their right if the district court had jurisdiction.

The court below held that the decree was void for the reason that "the law when the order was made gave the court no power to set aside in lieu of exempt property, not existing in kind, other property of the estate not exempted. But only to make an allowance in money to be paid in usual course," and proceeded to adjudge to the appellees the share of the land to which they would be entitled, as heirs of Price, considering the land to be his separate estate, and to the appellants the share to which they would be entitled through the children of the second marriage, without reference to any claim the widow or those claiming under her might assert to a life estate in one-third of the tract of land.

No question can arise, in this collateral proceeding, as to the jurisdiction of the district court over the persons of all interested in the estate of Price at the time the decree before referred to was rendered; and the only question which arises is: Had the court such jurisdiction of the subject-matter as empowered it to render the decree? If it had, that decree is conclusive of the right of the parties so long as it stands unreversed and not in some manner set aside; for it vests, in terms, title to the land in the vendor of the appellants.

That the judgment was erroneous, under the existing facts, need not be controverted. Was it void?

The constitution in force at the time the decree was rendered declares that the "district court shall also have original and exclusive jurisdiction for the probate of wills; for the appointment of guardians; for the granting of letters testamentary and of administration; for settling the accounts of executors, administrators and

guardians; and for the transaction of all business appertaining to the estates of deceased persons, idiots, lunatics and persons of unsound mind; and for the settlement, partition and distribution of such estates under such rules and regulations as may be prescribed by law."

Thus did the constitution of 1870 directly confer jurisdiction on the district court, and, in addition to enumerated powers, expressly conferred jurisdiction *to transact all business appertaining to the estates of deceased persons, and to settle, partition and distribute the same.*

The district courts, under that constitution, did not have, in matters of probate, only such powers as were conferred by statute, as had such courts under the constitution of 1845, but took their jurisdiction under and from the constitution, and were, within the sphere of their action, essentially courts of general jurisdiction, as were they even under the constitution last referred to. Alexander *v.* Maverick, 18 Tex., 179; Guilford *v.* Love, 49 Tex., 715; Murchison *v.* White, 54 Tex., 78.

The act of August 15, 1870, did not, in many respects, contain directions as to mode of procedure so full and complete as did the act of March 20, 1848, with its amendments, nor as does the law now in force.

The objects and purposes of administration, however, are the same under all the acts, and the jurisdiction of the courts, as conferred at different times, was ample to accomplish the end intended.

The law in force at the time the decree in question was rendered provided that "the property reserved from forced sale by the constitution and laws of this state, or its value if there be no such property, does not form any part of the estate of a deceased person where a constituent of the family survives." Pasch. Dig., 5487. But this was so only in the sense that it did not constitute any part of the estate subject to the payment of debts, and in some other respects it stood in the same relation to the estate as did other property.

Under the statutes, in every estate in which there were debts, a question arose as to what property, owned by the deceased during his life, was subject to the payment of his debts after his death. This question the court would necessarily have the jurisdiction or power to determine, and, in making its decision, it would look to the statutes which declared that certain kinds of property were exempt to certain classes of persons or association of persons; and if, in deciding, the court held that some article exempted by the stat-

ute was not so exempted, and therefore subject to sale for payment of debts, would it be contended that its judgment was void? Would not the same result follow if the court held that property not exempt under the statute was exempt?

In order to determine whether any particular property belonging to an estate should be withdrawn from sale, as exempt property, it would not only be necessary to inquire whether the property was of such character as to be exempted in a proper case, but it would also be necessary to inquire whether the deceased had a family, who were its constituents, and whether or not any of them survive.

Should a judgment, erroneous in any of these respects, be entered, it surely would not be void; for having jurisdiction to hear and determine these questions, however erroneous the decision might be, it would not be void. The constitution gave the court power to *settle* the estate, *i. e.*, to adjust by decree the rights of persons claiming as creditors or as heirs, and to enforce such decree; and this power extended to the entire estate, whether exempt from forced sale or not.

It also gave power to distribute an estate, which involved the power to determine not only what should be distributed, but also to whom, and if an error in these respects was committed, the judgment would not for that reason be void.

In the judgment before us, the court in effect held that the property in controversy was not subject to forced sale for the payment of debts, under the existing condition of the estate, and this question it certainly had jurisdiction to determine.

It is true that ordinarily, when one under a statute is entitled to the value of a thing named, that this value should be paid in money, for it is by this that value is to be determined; but the statute under which the court acted did not so declare, and it was a matter of construction upon which, if the court came to a wrong conclusion, the law gave a means to correct the error.

We are of the opinion that, while the judgment was erroneous, and therefore might have been avoided by a proper proceeding, it was not void, and is conclusive of the question so long as it is not set aside by some direct proceeding having that end in view.

This will lead to a reversal of the judgment, and as the cause was tried without a jury the judgment of the court below will be reversed and judgment here rendered that the plaintiffs in the court below take nothing by this action, and that the appellants recover of them all costs incurred in this court and in the court below.

It is so ordered.

REVERSED AND RENDERED.

[Opinion delivered October 16, 1885.]