L. P. TAFFINDER ET AL. v. W. M. MERRELL ET AL.

No. 1050. Decided December 2, 1901.

1.—Partition in Probate—Description.

To ascertain the property embraced, set aside in a partition of an estate in probate, it is proper to look not only to the order itself, but to the inventory and the report of the commissioners of partition. (P. 101.)

2.—Same.

When the proceedings taken together showed that the property set aside to certain heirs consisted of two lots in a named town and city, community property of their deceased mother and her first husband, this stated ownership was a part of the description, and made it sufficient if therefrom the lots could be identified. Herman v. Likens, 90 Texas, 448, followed. (Pp. 99-101.)

3.—Guardian's Sale—Reasons Stated in Petition.

A guardian's sale was not invalid on collateral attack because the application gave no reason for the sale except one that did not authorize it, where the order of sale did not show that it was for an improper purpose. Weems v. Masterson, 80 Texas, 45, followed. (P. 101.)

4.—Guardian's Sale—Confirmation—Deed to Another.

Where, after confirmation of guardian's reported sale of a lot to a purchaser, he conveyed one-half to that purchaser and one-half to another not reported to have purchased it, a finding that the sale of one-half the lot to each was made but improperly reported was not without support. The remedy of those interested was to have the guardian account for the price of the whole lot. (P. 102.)

**5.—Report of Guardian's Sale—Omission of Price.**

The omission from a guardian's report of sale of the price at which the land was sold, was an irregularity, which did not make his conveyance subject to collateral attack.  (P. 102.)

**6.—Guardian's Sale—Order of Confirmation Prematurely Made.**

The fact that order confirming a guardian's sale was made before the expiration of the time required by the statute between report and confirmation,. was an irregularity not subjecting the sale to collateral attack.  (P. 102.)

**7.—Evidence—Abstract of Title.**

An agreement that an abstract of title filed by defendant might be' used in evidence did not limit him to that evidence in his defense.  (P. 102.)

Error to the Court of Civil Appeals for the Third District,' in an appeal from Hamilton County.

Taffinders sued Merrell and James, and there were various interveners.  A judgment for defendants was reversed on appeal.  On the second trial defendants again had judgment which was affirmed on appeal, and plaintiffs and interveners obtained writ of error.

*M. Logan,. G. R. Freeman,* and *C. E. Spalding,* for plaintiffs in error L. P. and Samuel Taffinder, plaintiffs, and Martha H., Wm. K., James S., John G., and Samuel P. Carden, and William Bivens, Amanda and Archie M. Williams, and America Martin, interveners.—The Court of Civil Appeals erred in finding and holding, counter to its former ruling, that in 1878 the probate court of Coryell County partitioned and divided the property belonging to the estate of Taffinder and Mrs. Bivens among the plaintiffs and interveners, and in applying that decree to specific properties of said estate, especially to the property in controversy in this suit, which decree's description it had already decided was too indefinite and uncertain to apply to any particular lots in the town of Hamilton or elsewhere, and could not be aided by other evidence. Taffinder v. Merrell, 45 S. W. Rep., 477; Hearne v. Erhard, 33 Texas, 67; McDonald v. Bank, 74 Texas, 541; Mitchell v. Ireland, 54 Texas, 301; Wooters v. Arledge, 54 Texas, 395; Pfeiffer v. Lindsay, 66 Texas, 125; Coker v. Roberts, 9 S. W. Rep., 665; Aloday v. Whitaker, 1 S. W. Rep., 794; Munnink v. Jung, 22 S. W. Rep., 293; Dwyre v. Speer, 27 S. W. Rep., 585; Adams v. Hicks, 41 Texas, 241; Devlin on Deeds, sec. 1010; 1 Greenl. on Ev., secs. 297-300, and note 4 to sec. 300.

The Court of Civil Appeals erred in holding that the probate court of Comanche County confirmed a sale by A. Bivens, guardian, to Thomas Emmett, of the property in controversy, by a proper order. Roberts v. Johnson, 48 Texas, 133; Swenson v. Seale, 28 S. W. Rep., 143; Harrison v. Ilgner, 11 S. W. Rep., 1054.

The Court of Civil Appeals erred in not observing the rule and maxim of stare decisis on the last appeal of this cause.  On stare decisis: Adams v. Fisher, 75 Texas, 657; Sydnor v. Gascoigne, 11 Texas, 450. On the effect of special pleas in trespass to try title—what is not alleged

can not be proved, and what is proved, if not alleged, can not be allowed to support a judgment: Mills v. Alexander, 21 Texas, 162; Shields v. Hunt, 45 Texas, 425; Railway v. Whitaker, 5 S. W. Rep., 448; Custard v. Musgrove, 47 Texas, 217; Neill v. Newton, 24 Texas, 203; Anding v. Perkins, 29 Texas, 348. The allegation must be broad enough to admit the necessary proof and every material fact must be alleged. Mimms v. Mitchell, 1 Texas, 444; Paul v. Perez, 7 Texas, 345; Coles v. Kelsey, 2 Texas, 541; Denison v. League, 16 Texas, 399. Proof without allegation to sustain it should be disregarded. Republic v. Thorn, 3 Texas, 499; Wright v. Wright, 3 Texas, 168; Hall v. Jackson, 3 Texas, 305; Carter v. Wallace, 2 Texas, 206; McKinney v. Fort, 10 Texas, 220; Paul v. Perez, 7 Texas, 345; Neill v. Newton, 24 Texas, 203.

The Court of Civil Appeals erred in finding that the property in question is sufficiently described to identify it in the deed from A. Bivens to Thomas Emmett.

It was error to admit in evidence the order of the probate court of Comanche County purporting to authorize A. Bivens, as guardian of his minor children, to sell their real estate, because the application of said Bivens, as guardian, for said order of sale, together with said order of sale, show that the order was not applied for nor the order made for either the education or support of the minors who owned the estate or for the payment of the debts of their estates, which were the only purposes for which the court was legally empowered to order the sale, but that the said order of sale was made for a purpose not authorized by law, and said order was consequently void and of no effect, and this appears on the face of the record of the court. No power is given by the statute to authorize the sale of a minor ward's real estate by his guardian, out of the usual course and not for the purposes prescribed by the statute. Glasgow v. McKinnon, 14 S. W. Rep., 1050; Stafford v. Harris, 17 S. W. Rep., 532. If the court orders a sale of land when the circumstances do not exist which under the law authorizes it to do so, it acts in so doing without jurisdiction, and if these facts appear on the face of the record the sale may be attacked in a collateral proceeding. Withers v. Patterson, 27 Texas, 496; Flanagan v. Pierce, 27 Texas, 78; Smith v. Dibrell, 31 Texas, 244; Hamblin v. Warnecke, 31 Texas, 93; Marks v. Hill, 46 Texas, 351; McNally v. Haynes, 59 Texas, 583.

The court erred in admitting in evidence, over the objection of plaintiffs and interveners, an order of the probate court of Comanche County purporting to confirm a sale of the property in controversy by A. Bivens as guardian of his minor children, objected to for the reasons set out in bill of exceptions No. 3 of plaintiffs and interveners, to wit: Because the probate court of Comanche County at the date of said order, the 14th January, 1879, had not acquired jurisdiction to

make said order. The order of sale being dated January 10, 1879, the report of sale at the January term, and the order of confirmation January 14, 1879, at the same term of court, did not allow the time, required by law for objections to the sale, to intervene between the sale and the order of confirmation, and the order was without authority of law and void; and because the report of sale and the confirmation taken together show that the sale confirmed, if any was confirmed, was a sale on a credit of the whole of lot No. 5, of block No. 5, of Hamilton, to T. C. Bivens, under whom the defendant does not claim, and not to Thomas Emmett of the north half of a lot for $30 cash as claimed by the defendant; and because there was no allegation in defendant's pleadings of any confirmation of sale to any other person than T. C. Bivens.

*J. C. Main,* for defendants in error.—The documents referred to were properly submitted to the jury under appellees' claim of estoppel, it being shown thereby that there was an attempted partition of the estate of Martha C. Bivens, and the evidence having shown that such attempted partition had been acquiesced in by the parties thereto,—they having received and sold the parts allotted to them respectively, except M. J. Carden, who had received and resided on the part allotted to her until her death; and the evidence having further shown that A. Bivens, as guardian of the estate of the Bivens heirs, had authority to bind them by the sale of their equity.

On question that the court's charge on this issue was proper: Brown v. Pridgen, 56 Texas, 125; Hurlbut v. Boaz, 4 Texas Civ. App., 371; Russell v. Bank, 1 Willson Civ. Cases, 124.

Evidence incompetent to show divestiture of legal title is admissible to show equitable title; and although the documents offered may not contain such a description of the property as will divest title, it is proper to admit such evidence and properly limit the same to the purpose for which it can be legitimately considered; and in this case the documents complained of were properly admitted, together with other testimony on the question of estoppel, and as to whether there had been in fact a partition of the estate of Martha C. Bivens. Huffman v. Cartwright, 44 Texas, 296; Mitchell v. Allen, 69 Texas, 73; Glasscock v. Hughes, 55 Texas, 461; Zanderson v. Sullivan, 91 Texas, 502; Cook v. Caswell, 81 Texas, 683; Warren v. Frederichs, 76 Texas, 647.

The deed from A. Bivens, as guardian of the estate of his children, was made under order from the probate court of Comanche County, the same being a court of general jurisdiction, and is not void for want of confirmation nor for want of jurisdiction, nor any other cause, and if irregularities do exist in the manner of reporting and confirming said sale, such irregularities are not subject to collateral attack,—it appearing that the purchase price was adequate and that said sale was passed upon by the court. Robertson v. Johnson, 57 Texas, 62; Saul v. Frame, 3 Texas Civ. App., 596; Martin v. Robinson, 67 Texas, 368.

WILLIAMS, ASSOCIATE JUSTICE.—This was an action of trespass to try title which, by the pleadings under which the last trial was had, involved a controversy between the plaintiffs in error, who, as heirs of James C. and Martha C. Taffinder, were plaintiffs, and W. M. Merrell, as defendant, over the title to the north half of lot No. 5 in block No. 5, in the town of Hamilton.

James C. and Martha Taffinder were husband and wife, and owned the whole of the lot as their community property. James C. Taffinder died, and his widow, Martha C., married A. Bivens and afterwards died, leaving children by both marriages, and these, or their representatives, are the plaintiffs. After the death of Martha C., her surviving husband, A. Bivens, administered on her estate and procured in the probate court a partition of the property, which had belonged to her and her first husband, between the children of the two marriages, in which the property in controversy is claimed by the defendant to have been set apart, with other property, to the Bivens children. Thereafter Bivens was appointed guardian of his children, and, as such, sold the land belonging to them, and the defendant claims the property in controversy under that sale.

The principal questions raised are, first, as to the sufficiency of the partition proceedings to vest the title in severalty to lot No. 5 in the Bivens children; and second, as to the validity of the sale by the guardian.

The objection to the partition is that the decree of the county court gave no description of the property in question sufficient to identify it. Upon this point it appears that James C. Taffinder, when he was the husband of Martha C., received a deed conveying the whole of lot 5, in block 5, in the town of Hamilton. Bivens, as administrator of his deceased wife's estate, filed an inventory "of all the property both real and personal, belonging to said estate," among which the following appeared: "2 vacant lots in Hamilton, Hamilton County, Nos. of lot and blocks not known, $25."

The application by Bivens and the order appointing commissioners for partition are not found in the record and it is not known how the property was therein described. But a report of commissioners, of date May 22, 1878, is shown, which recites that they were appointed by the county court on the 25th day of January, 1878, to partition the estate (of Martha C. Bivens) among the heirs and distributees thereof, and states such property, among which appears "two lots in the town of Hamilton valued at $40 each," and reports that they have made the division, setting apart to the Taffinder children named property, and to the Bivens children other property, including these lots.

There also appears an order of the county court, of date May 23, 1878, in the estate of Martha C. Bivens, showing that it is made in a proceeding by Bivens, administrator thereof, for a partition between the children of the two marriages of the decedent, reciting that the property was community property of James C. and Martha C. Taffinder, after-

wards Mrs. Bivens, stating the shares to which the two sets of children are entitled, and confirming the report of the partition, and adjudging to the Taffinder children certain property and to the Bivens children other property, including "two town lots in the town and county of Hamilton." It was shown by oral testimony that the location and identity of the two lots in Hamilton which had belonged to Taffinder and wife were well known at the time of these proceedings and since, and that they owned no other lots in that town.

The objections to the sale made by Bivens, as guardian of his children, are, first, that it appears from the record of the probate proceedings that such sale was made for a purpose for which a sale was not authorized by law; second, that no sale to one Emmett, to whom the guardian made the deed under which defendant claims, was ever confirmed by the court; third, if there were an attempted confirmation, it was made at a time when the court had no jurisdiction to make it, the time required by law between the filing of the report and action upon it not having elapsed; and fourth, the deed from Bivens, guardian, to Emmett gave no sufficient description.

The proceedings for sale were begun by the guardian filing an application therefor December 4, 1878, in which he asks for authority to sell the property of the minors, describing it, at private sale for cash or on credit, and states that "it would be greatly to the interest of his said wards for said property to be sold, because said property is unimproved and can not be rented for anything and the taxes will soon consume the entire amount." No reason but this is given for the sale. The court, on January 10, 1879, granted the authority to sell all the real estate at public or private sale for cash or on credit, and, if on credit, the vendor's lien to be retained, the order reciting that it appeared to the satisfaction of the court that "it is for the best interests of the minors that said real estate be sold."

At the January term, 1879, Bivens made a report of sale of all of the property, stating that he had sold lot No. 5 in block No. 5, in the town of Hamilton, to T. C. Bivens, on credit. On January 14, 1879, the court entered an order confirming in general terms the sale thus reported.

On the 14th day of March, 1879, A. Bivens, as guardian of his children, executed a deed to T. C. Bivens for the south half of lot No. 5 in block No. 5 in the town of Hamilton, Hamilton County. On the same day, Bivens, as "guardian of the minor heirs of Martha T. Bivens, deceased," executed a deed to Thomas Emmett for the north half of the same lot, reciting a consideration of $30.

Both Bivens and Emmett testified that the property in controversy (the north half of lot No. 5) was sold by Bivens to Emmett under an order of the county court, and that Emmett paid for it. Emmett took possession soon after his purchase, and conveyed it to the party under whom, through a number of mesne conveyances, Merrell claims, actual possession having been held by various owners. The Court of Civil

Appeals found as a fact that the sale to Emmett "was by proper order of court confirmed."

1. We are of the opinion that the description of the two lots in Hamilton in the decree of partition in estate of Mrs. Bivens was sufficient.

Under the decisions of this court, it is proper to look not only to the order itself but to the inventory and to the report of the commissioners. By these documents and by the order taken together, the property is referred to, not merely as two lots in the town of Hamilton, but as the two lots in that town owned by Taffinder and wife as community property. All that it was necessary to do in order to identify the property was to ascertain the lots which were thus owned, and the evidence shows that this was easily done. The stated ownership of the lots was in itself a circumstance of description which led to their identification. That this was true is held in Herman v. Likens, 90 Texas, 448, and whatever doubt may have previously existed as to the sufficiency of such descriptions is removed by that decision. There the land was described in the inventory and the proceedings through which it was sold as "half interest in and to eight hundred and ninety-three acres of the P. W. Rose survey in Harris County." The Rose survey was a league and labor, and the particular part of it intended to be sold was not otherwise identified. But this court held that the description meant a tract of 893 acres belonging to the estate, and that the land could be identified by evidence that the estate did own a half interest in such a tract and no other part of the league. Here the lots in Hamilton were necessarily distinct pieces of land and in this the description was therefore more definite than that given in the case cited.

2. The first objection to the guardian's sale, above stated, is likewise answered by the opinion of this court in the case of Weems v. Masterson, 80 Texas, 45. Under the rules laid down in that case, the jurisdiction of the county court did not depend upon the showing in the application of one of the statutory causes for such sales. The absence of such a showing, or the statement of a reason which would not authorize a sale, might make the order of sale erroneous; but it does not follow that it was not within the power of the court to make such order. In the language of the opinion referred to, the application for the sale "was sufficient to invoke the exercise of the jurisdiction the court possessed over the subject matter; those interested must be conclusively presumed to have had notice of the application such as the law prescribes, and the decrees of the probate court in this collateral proceeding must be deemed conclusive of the fact that the sale was made for a lawful purpose and in a lawful manner in the absence of some evidence in the record showing to the contrary, other than that the application was defective." See also Pelham v. Murray, 64 Texas, 477. The order of sale does not show on its face that it was made for the reasons stated in the application, or that facts not therein set up did not exist, which, under the law, authorized the sale.

The second objection to the guardian's sale, that none to Emmett was ever confirmed, was one upon which the writ of error was granted, our impression being that while the probate coürt had confirmed a sale to T. C. Bivens of the whole lot, the defendant claimed under a sale made by the guardian of the whole lot to Emmett upon which the probate court had never acted; and that, as it was not shown that Bivens had ever complied with the terms of sale, it did not appear that the title was divested out of the minors. But upon a more thorough examination of the record, we think the facts stated show, sufficiently to support the findings of the Court of Civil Appeals, that in fact the north half of the lot was sold to Emmett and the south half to Bivens, and that the guardian reported the sale of the whole to Bivens.

The probate court confirmed the sale of the whole lot, and the guardian was thus charged with the price received for it. The fact that the sale was reported as made to Bivens when it was to Bivens and Emmett, is immaterial in this collateral proceeding. The minors were entitled, after the consummation of the sale, only to have the full price received and accounted for, the authority of the guardian to convey the whole of the lot being thus complete. The report of the guardian did not state the price for which the lot was sold, but that was an irregularity which does not affect the validity of the sale in this collateral proceeding.

The remedy of those interested in the estate was to require him to account for the price of the property in the probate court and not against the purchasers at a sale authorized and confirmed by the probate court to recover the property. The facts substantially support the finding of the Court of Civil Appeals that the sale made was confirmed although it was reported as made to Bivens alone.

The fact that the order of confirmation was entered before the expiration of the time after the report was filed which the statute requires to elapse between the report and action on it, was merely an error which did not render the order void.

The fourth objection to the guardian's conveyance to Emmett, that it failed to describe the half lot conveyed, is based upon the fact that defendant filed an abstract of his title in which the deed was stated as describing lot 5 in block 5, in the county of Hamilton, but not stating the town in which it was situated, and this abstract was, by agreement, used as evidence. Defendant produced also the record of the deed showing the description to be complete. There was no error in admitting it in evidence, plaintiff having waived the production of the original deed. The defendant was not confined to the use of the abstract as evidence because it had been agreed that he might use it without producing the record.

*Affirmed.*